(21 Misc. Rep. 375.)

PEOPLE ex rel. BAGLEY v. HAMILTON, County Treasurer.

(Supreme Court, Special Term, Monroe County. October 7, 1897.)

1. LIQUOR TAX LAW—PLACE OF TRAFFIC—TEMPORARY SUSPENSION.
   The fact that liquor traffic is temporarily suspended a little over a month in a place where the traffic had been carried on March 23, 1897, less than 200 feet from a church, does not forfeit the right of the lessee of the place to a certificate, under Laws 1896, c. 112, § 24, as amended by Laws 1897, c. 312, prohibiting such traffic within 200 feet of a church, except as to a "place" engaged in the traffic March 23, 1897.

2. SAME—CHANGE OF PROPRIETOR.
   Where a person engaged in the liquor traffic March 23, 1897, in a place less than 200 feet from a church, discontinues the traffic, a certificate may be

granted another to resume the traffic in the same place, under Laws 1896, c. 112, § 24, as amended by Laws 1897, c. 312, prohibiting such traffic within 200 feet of a church except as to a place engaged in the traffic March 23, 1897.

Certiorari, on the relation of James W. Bagley, to review the refusal of John B. Hamilton, treasurer of Monroe county, to issue a liquor tax certificate. Reversed.

Sol Wile, for relator.
Charles E. Bostwick, for respondent.

NASH, J. The application of the relator for a liquor tax certificate was refused by the county treasurer, upon the ground that the premises for which a liquor tax certificate is sought are within 200 feet of a building used exclusively for a church. Section 24 of the liquor tax law (chapter 112, Laws 1896, as amended by chapter 312, Laws 1897) provides that traffic in liquor shall not be permitted, under the provisions of subdivision 1 of section 11 (the subdivision under which the relator makes his application), in any building or other place which shall be in the same street as, and within 200 feet of, a building used exclusively as a church. It is further provided that "this prohibition shall not apply to a place which on the 23rd day of March, 1897 [the day on which the act took effect], was lawfully occupied for a hotel, nor to a place in which such traffic in liquors was actually lawfully carried on at that date." It appears that such traffic in liquors was actually carried on at that place for which the certificate is sought on the 23d day of March, 1896, and up to and including the 31st day of July, 1897, and has not since been carried on at that place; that, subsequent to the 31st day of July last, the relator took a lease of the premises or place where such traffic in liquors had been carried on, and on the 4th day of September, 1897, applied to the county treasurer for a certificate, having complied with every requirement of the statute as a condition of the granting thereof.

The refusal is placed upon the ground that, the business of trafficking in liquors having been discontinued by the person lawfully carrying it on at the time the liquor tax law took effect, a certificate for the traffic in liquors at that place (it being within 200 feet of a church) cannot issue. This brings up the question whether it is the place within which the business is carried on, or the person who is lawfully carrying on the business, that is within the exception. Plainly, the reading of the statute is that it is the place. The full text of the provision is that the prohibition shall not apply "to a place which on the 23d day of March, 1897, was lawfully occupied for a hotel, nor to a place in which such traffic in liquors was actually lawfully carried on at that date, nor to a place which at such date was occupied or was in process of construction by a corporation or association which traffics in liquors solely with the members thereof, nor to a place within such limit to which a corporation or association trafficking in liquors solely with the members thereof at such date may remove." No other construction than that it is the place which is excepted can be put upon the language in which the legis-

lature has seen fit to frame this exception. That the legislature intended plainly what the language of the exception imports may be inferred from the fact that in the act of 1892, regulating the sale of intoxicating liquors (chapter 401, Laws 1892), it was provided that no person who should not have become licensed prior to the passage of the act should thereafter be licensed to sell strong or spirituous liquors in any building not used for hotel purposes, and for which a license did not exist at the time of the passage of the act, which should be on the same street or avenue as, and within 200 feet of, a building occupied exclusively as a church. The exception in that act was held by the court of appeals to apply to a person who had been licensed to sell at the inhibited place previous to the passage of the act, and whose license was in force when the law was enacted, and not to the place where the business was carried on. The legislature, with the law construed as it had been by the courts before it, has changed the exception from the person holding a license to the place in which traffic in liquors was lawfully carried on at the date of the passage of the act.

It is contended that, if the traffic in liquors is discontinued by the person carrying it on at the time the act took effect, a certificate cannot afterwards be granted to another to resume the business at the same place. If this is the construction to be put upon this provision of the law, it would be applicable to any suspension of the business, however short, and might prevent even a change of proprietorship. The legislature could have prevented all traffic in liquors within 200 feet of a church, but it has not done that; it has excepted certain properties from the operation of this subdivision of section 24, and the language of the statute should have a reasonable construction. The purpose of the legislature, as appears from the context, was to protect certain properties from the operation of this prohibition; and it was not made a condition as to any of the other places mentioned that the traffic in liquors should have been actually lawfully carried on when the act took effect. The other places to which the exception applies are "a place lawfully occupied for a hotel, nor to a place which at such date was occupied or in process of construction by a corporation or association which traffics in liquors solely with the members thereof, nor to a place within such limit to which a corporation or association trafficking in liquors solely with the members thereof at such date may remove." If a place at which, as a condition of exemption, it is required that the traffic in liquors should have been actually lawfully carried on, should be put to other uses, and the traffic in liquor entirely abandoned, it might properly be regarded as a forfeiture of the right to a certificate; but a temporary suspension of the business does not, in my judgment, have that effect.

It follows that the county treasurer should be required to issue the certificate, pursuant to the prayer of the petition.